# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-728V
Filed: March 14, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *
MABEL B. MARKHAM,　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
　　　　　　Petitioner,　　　　　　　　*　　Damages Decision Based on Proffer;
v.　　　　　　　　　　　　　　　　　　*　　Pneumococcal Conjugate; Shoulder
　　　　　　　　　　　　　　　　　　　*　　Injury Related to Vaccine Administration
SECRETARY OF HEALTH　　　　　　*　　("SIRVA");
AND HUMAN SERVICES,　　　　　　 *　　Special Processing Unit ("SPU")
　　　　　　　　　　　　　　　　　　　*
　　　　　　Respondent.　　　　　　　*
　　　　　　　　　　　　　　　　　　　*
* * * * * * * * * * * * * * * * * * * * * * * * * *

*Kelly Burdette, Burdette Law, PLLC, Seattle, WA*, for petitioner.
*Camille Collett, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

　　On June 21, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she received a pneumococcal conjugate 13-valent vaccination (Prevnar-13) in her right arm and subsequently suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On February 21, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On March 13, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $110,000.00. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $110,000.00 in the form of a check payable to petitioner, Mabel B. Markham.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MABEL MARKHAM,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 16-728V<br>Chief Special Master Nora Beth Dorsey<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 17, 2017, respondent filed a Rule 4(c) Report in which she conceded entitlement. On February 21, 2017, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation. Respondent now proffers that petitioner receive an award of a lump sum of **$110,000.00** in the form of a check payable to petitioner. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.[1] This proffer does not address final attorneys' fees and litigation costs. Petitioner is additionally entitled to reasonable attorneys' fees and litigation costs, to be determined at a later date upon petitioner submitting substantiating documentation.

Petitioner agrees with the proffered award of **$110,000.00** as representing all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner is entitled.

                                                  Respectfully submitted,

                                                  CHAD A. READLER<br>
                                                  Acting Assistant Attorney General

---

[1]     Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

C. SALVATORE D`ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

s/Camille M. Collett
CAMILLE M. COLLETT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-4098

E-filed: March 13, 2017